### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **WEBBER, LLC and ARCH INSURANCE COMPANY,** | § § § | |
| **Plaintiffs** | § § | |
| **UNITED FIRE & CASUALTY COMPANY** | § § § | **CIVIL ACTION NO. 3:19-cv-00610-S** |
| **Defendant.** | § § § | |

### <u>UNITED FIRE & CASUALTY COMPANY'S ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW United Fire & Casualty Company ("UFCC") and answers the Complaint filed by Webber, LLC ("Webber") and Arch Insurance Company ("Arch") as follows:

1.      The allegations of Paragraph 1 of the Complaint are admitted.

2.      The allegations of Paragraph 2 of the Complaint are admitted.

3.      The allegations of Paragraph 3 of the Complaint are admitted.

4.      The allegations of Paragraph 4 of the Complaint are admitted.

5.      The allegations of Paragraph 5 of the Complaint are admitted.

6.      With regard to the allegations of Paragraph 6 of the Complaint, UFCC admits that it issued policy no. 60453791 to Indus Road and Bridges, Inc. ("Indus") effective from October 23, 2016, to October 23, 2017 (the "UFCC Policy"). The remaining allegations of Paragraph 6 of the Complaint are denied, and UFCC states that the UFCC Policy speaks for itself.

7.      The allegations of Paragraph 7 of the Complaint are denied, and UFCC states that the pleadings in the Underlying Lawsuit speak for themselves.

8.      The allegations of Paragraph 8 of the Complaint are denied, and UFCC states the pleadings in the Underlying Lawsuit speak for themselves.

9.      The allegations of Paragraph 9 of the Complaint are denied, and UFCC states that the pleadings in the Underlying Lawsuit speak for themselves.

10.     With regard to the allegations of Paragraph 10 of the Complaint, UFCC admits that Indus was a subcontractor of Webber on the construction project in question. The remaining allegations of Paragraph 10 of the Complaint are denied, and UFCC states that any contract entered into by Indus speaks for itself.

11.     With regard to the allegations of Paragraph 11 of the Complaint, UFCC admits that Webber made a demand for additional insured coverage under the UFCC Policy. The remaining allegations of Paragraph 11 of the Complaint are denied, and UFCC states that the UFCC Policy speaks for itself.

12.     The allegations of Paragraph 12 of the Complaint are denied, and UFCC states that the UFCC Policy speaks for itself.

13.     The allegations of Paragraph 13 of the Complaint are denied, and UFCC states that the UFCC Policy speaks for itself.

14.     No response is required to the allegations of Paragraph 14 of the Complaint.

15.     The allegations of Paragraph 15 of the Complaint are admitted.

16.     With regard to the allegations of Paragraph 16 of the Complaint, UFCC admits that Arch is the general liability insurer for Webber. The remaining allegations of Paragraph 16 of the Complaint are denied.

17.     With regard to the allegations of Paragraph 17 of the Complaint, UFCC admits that Webber and Arch seek the relief stated. UFCC denies, however, that Webber or Arch is entitled to any relief whatsoever.

18.     The allegations of Paragraph 18 of the Complaint are admitted.

19.     UFCC denies that Webber or Arch is entitled to the relief requested in the prayer of the Complaint or to any relief whatsoever in this suit.

20.     UFCC specifically denies that it is under any duty to defend or to indemnify Webber in connection with the Underlying Lawsuit.

21.     UFCC states that the claims of Webber and Arch are barred by the provisions of Chapter 151 of the Texas Insurance Code.

22.     UFCC states that the claims asserted against Webber in the Underlying Lawsuit are not covered and/or are excluded, in whole or in part, by the relevant provisions of the UFCC Policy, including but not limited to any additional insured endorsements.

23.     UFCC states that recovery from it is barred to the extent that the party seeking such recovery was a volunteer or that the party on whose behalf payment has been made was made whole.

24.     UFCC denies that it is liable to Webber or to Arch for defense costs or indemnity in connection with Underlying Lawsuit. However, if it is determined that UFCC is liable to Webber or to Arch, then UFCC is entitled to an apportionment of liability, credit, offset, contribution, subrogation, indemnity, reduction, sharing, allocation, application of "other insurance" and/or excess clauses, and/or other similar relief vis-à-vis Webber and Arch, and other carriers and/or third parties, whether parties to this action or not, in connection with the claims asserted by Webber and Arch against UFCC.

WHEREFORE, PREMISES CONSIDERED, UFCC prays that Webber and Arch take nothing by reason of this suit, for its costs, for its attorney fees, and for such other and further relief, both at law and in equity, as it may show itself justly entitled and for which it shall ever pray.

Respectfully submitted,

 */s/ Aaron L. Mitchell*
Aaron L. Mitchell
State Bar No. 14205590
aaronm@tbmmlaw.com
Lori Murphy
State Bar No. 14701744
lorim@tbmmlaw.com
Matt Rigney
State Bar No. 24068636
mattr@tbmmlaw.com

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas  75204
Telephone:    214-665-0100
Facsimile:    214-665-0199

**ATTORNEYS FOR DEFENDANT**
**UNITED FIRE & CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on April 12, 2019, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure upon the counsel of record.

*/s/ Aaron L. Mitchell*
Aaron L. Mitchell