UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WEBBER LLC and ARCH INSURANCE COMPANY<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CASE NO. 3:19-CV-00610-S |
| | § | |
| UNITED FIRE & CASUALTY COMPANY<br>    Defendant. | §<br>§<br>§<br>§ | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Webber LLC ("Webber") and Arch Insurance Company ("Arch") and file their First Amended Complaint for Declaratory Judgment against Defendant United Fire & Casualty Company ("United Fire") pursuant to 28 U.S.C. §2201 *et seq.* and Federal Rule of Civil Procedure 57, and would show the following:

### THE PARTIES

1.   Webber is a limited liability corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas. Its sole member is Ferrovial US Construction Corp. and that company was incorporated in the State of Delaware and its principal place of business is in Austin, Texas.

2.   Arch is a foreign corporation incorporated in the State of Missouri and with its principal place of business in New Jersey.

3.   United Fire is a corporation organized under the laws of the State of Iowa and with its principal place of business and nerve center in Cedar Rapids, Iowa. Defendant has previously made an appearance in this case.

## VENUE AND JURISDICTION

4.  Jurisdiction exists for the purpose of determining a question of actual controversy between the parties under 28 U.S.C. §1332 and 28 U.S.C. §2201 *et seq*. The jurisdiction of this Court is based upon the complete diversity between the Plaintiffs and the Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.  Venue is proper in this Court because it is the judicial district where a substantial part of the events and omissions giving rise to the claim occurred, and in which the underlying state court lawsuit that is the basis of this suit is being litigated.

## FACTUAL BACKGROUND

**A.  The United Fire General Liability Policy**

6.  United Fire issued Commercial General Liability Policy number 60453791 to Indus Road and Bridges, Inc. ("Indus"), effective October 23, 2016, to October 23, 2017 with an "each occurrence" limit of $1,000,000 (the "Policy"). The Policy includes bodily injury liability coverage which provides defense and indemnity for claims for bodily injury or property damage caused by an occurrence for which the insured bears legal liability as follows:

> **SECTION I - COVERAGES**
>   **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
>   **1.   Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any insured against a "suit" seeking those damages.
>
> \*   \*   \*
>
>   **2.   Exclusions**
>   This insurance does not apply to:
>
> \*   \*   \*
>
>   **b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

\* \* \*

(2) Assumed in a contract or agreement that is an "insured contract" ….

Policy, CG 00 01 04 13, p. 1-2 of 16. The policy goes on to define the term "insured contract" as follows:

**9.** "Insured contract" means:

\* \* \*

**f.** That part of any other contract or agreement pertaining to your business…under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Policy, CG 00 01 12 07, p. 14 of 16.

**B.    The Underlying Lawsuit**

7.    The Plaintiffs in *Christopher Ryan Bailey, Qay Rosalia Martinez and April Rodriguez, as next friend to C.B., minor child v. Statewide Trucking Corp., Cesar Gonzalez, Weber, LLC, and Indus Construction, L.P.; Delgado Construction, Inc.; and Roadside Traffic Systems, Inc.,* Cause No. DC-17-11460, pending in the 14th Judicial District Court of Dallas County, Texas ("Underlying Lawsuit") allege that the incident occurred on August 14, 2017, in Dallas, Texas in the southbound lane of Interstate Highway 45 ("I-45") near Overton Road. Christopher Bailey ("Bailey") and Rosalia Martinez ("Martinez") were driving south on I-45 when their vehicle became disabled. They allege that Webber and Indus were performing work on the highway at that location and that their employees had illegally parked vehicles on the shoulder of the highway, preventing Bailey and Martinez from pulling over onto that shoulder. Bailey and Martinez were allegedly forced to get out of their vehicle and try to push it down to an open spot

on the shoulder. Cesar Gonzalez ("Gonzalez") at that time was driving a tractor truck with an empty gravel trailer southbound on I-45. Gonzalez was allegedly driving in the course and scope of his employment with Statewide Trucking Corp. ("Statewide"). Gonzalez allegedly failed to avoid Bailey and Martinez's vehicle and struck it from behind, dragging Bailey and Martinez with the vehicle for 100 feet.

8. The Plaintiffs have sued Statewide under the doctrine of *respondeat superior* for the acts and omissions of Gonzalez. The Plaintiffs have sued Webber and Indus under the doctrine of *respondeat superior* for the acts and omissions of their employees at the work site. The Plaintiffs have sued Statewide and Gonzalez for their alleged negligence in causing the accident. The Plaintiffs have sued Webber and Indus for their alleged negligence in failing to exercise ordinary care for the safety of motorists by allowing their employees, including Juan Antonio Vega and Juan Sandoval Mendoza, to illegally park their vehicles along the shoulder, and blocking the shoulder so it could not be used for emergency purposes as designed. Webber and Indus were also allegedly negligent in their hiring, training, supervision and/or retention of employees that illegally parked on the shoulder of the highway.

9. Bailey allegedly suffered serious and disabling injuries, including a spinal injury that left him paralyzed from the waist down. Martinez also allegedly suffered severe injuries to her whole body, including a broken shoulder and nerve damage in her leg. The Plaintiffs seek damages for Bailey and Martinez for past and future pain and suffering, mental anguish, physical disfigurement, physical impairment, medical expenses, lost wages, and loss of earning capacity. For the minor C.B., her next friend sues for loss of financial support and consortium with Christopher Bailey.

## C.   The Webber/Indus Contract Requirements

10.   Indus was the subcontractor of Webber on the construction project and the subcontract between Webber and Indus is relevant to the additional insured issues in this declaratory matter. The MSA was dated, April 23, 2015. Relevant to the additional insured coverage issues, the subcontract contains a required insurance section (Article 5) as follows:

```
ARTICLE 5:   INSURANCE

5.1 GENERAL INSURANCE REQUIREMENTS

A. Subcontractor must provide and maintain, during the term
of this Agreement (including all warranty periods),
occurrence-based insurance with coverages, unless otherwise
agreed to by Webber, and limits of liability not less than
those shown in this Article 5. This coverage must include an
extended reporting period extending for a minimum of 3 years
following immediately upon the expiration of the policy.
Subcontractor must require each Lower-Tier-Subcontractor to
provide and maintain, during the term of their respective
agreements (including all warranty periods), the insurance
coverages specified as follows, with any limits of liability
determined appropriate by the Subcontractor. All of
Subcontractor's insurance must be primary to any insurance
maintained by Webber. Limits may be arranged through any
combination of underlying and excess or umbrella policies.
Subcontractor must pay all deductible amounts associated with
the required insurance. Subcontractor must also timely pay
the premiums for all insurance required under this Agreement.

B. Prior to commencement of the Work, Subcontractor must
furnish Webber either insurance certificate(s) on the form
attached as Attachment B (or equivalent form satisfactory to
Webber) executed by an authorized representative of
Subcontractor's insurer or, if required by Webber, certified
copies of insurance policies or certified copies of insurance
summaries, with endorsements, evidencing the applicable
policies, coverages, and limits. Upon Webber's request,
Subcontractor will also furnish Webber similar evidence of
Lower-Tier-Subcontractors' policies, coverages, and limits.
Webber's receipt of or failure to object to any insurance
certificates or policies submitted by Subcontractor does not
release or diminish in any manner the liability or obligations
of Subcontractor or constitute a waiver of any of the
insurance requirements under this Agreement. Replacement
certificates of insurance evidencing continuation of
Subcontractor's coverage must be furnished to Webber at least
```

30 days prior to the expiration of the current policies. The limits of liability shown for each type of insurance coverage to be provided by the Subcontractor pursuant to this Agreement are minimum limits only and do not limit Subcontractor's liability or obligations.

C. Each Subcontractor and Lower-Tier-Subcontractor policy will be held on terms approved by Webber and/or Owner and will not contain any extraordinary exclusion, endorsement or alteration that would unnecessarily restrict or narrow coverage. Each Subcontractor and Lower-Tier-Subcontractor policy must be endorsed to provide a waiver of each insurer's rights of subrogation against each Indemnified Party. Each of these policies, other than workers' compensation and employer's liability insurance and professional liability insurance, must name each Indemnified Party as additional insureds, using ISO Additional Insured Endorsement CG 2010 11 85 or CG 2010 10 01 AND CG 20 37 10 01 or CG 20 33 10 01 AND CG 20 37 10 01 or an endorsement providing equivalent coverage to the Indemnified Parties, for liability arising out of the Work, and must include a cross-liability and severability of interests clause. No policy may contain any limitation on the scope of protection afforded any of the additional insureds and will contain provisions that the other insureds will not be prejudiced by the failure of one insured to observe and fulfill the terms of the policy and/or an unintended and/or inadvertent error, omission or misdescription of the risk interest in property insured, incorrect declaration of values, failure to advise insurers of any change of risk interest or property insured or failure to comply with statutory requirements. Each Subcontractor and Lower-Tier-Subcontractor policy will not include defense costs within the limits of coverage or permit erosion of coverage limits by defense costs, except that litigation and mediation defense costs may be included within the limits of coverage of professional and contractor pollution liability policies. Each Subcontractor and Lower-Tier-Subcontractor policy shall be endorsed to state that coverage cannot be cancelled or non-renewed except after 30 days prior written Notice, or 3O days in the case of cancellation for non-payment of premium, has been given to Webber. Subcontractor's insurance must provide coverage whether Subcontractor's liability arises out of the operations of Subcontractor or any Lower-Tier-Subcontractor in connection with the Work.

*     *     *

D.  **Coverage for Webber as an Additional Insured under the Policy**

11.  Pursuant to the subcontract with Indus, Webber made a demand for additional insured coverage from United Fire under the Policy issued to Indus. The Policy contains two applicable additional insured endorsements.

12.  The Policy contains endorsement form CG2010 10/01 which provides the following:

**COMMERCIAL GENERAL LIABILITY**
**CG 20 10 10 01**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS—**
**SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name of Additional Insured Person(s) or Organization(s) | Location(s) Of Covered Operations |
|---|---|
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations ||

A.  **Section II -- Who Is An Insured** is amended to include as an additional insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

B.  With respect to the insurance afforded to these additional insureds, the following exclusion is added:

   **2.   Exclusions**

   This insurance does not apply to "bodily injury" or "property damage" occurring after:

   **(1)**   All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service,

    maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

 **(2)** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

  13. The second applicable additional insured endorsement, Endorsement CG 72 08 02 15, the TEXAS EXTENDED ULTRA LIABILITY PLUS ENDORSEMENT, sets out a number of additional insured provisions that amend the "WHO IS AN INSURED" section of the CGL endorsement, including the following:

 **5.** **Additional Insured - Owners, Lessees or Contractors - Automatic Status When Required in Construction or Service Agreement With You**

  **a.** Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy is an insured. Such person or organization is an additional insured only with respect to your liability for "bodily injury", "property damage" or "personal and advertising injury" which may be imputed to that person or organization directly arising out of:

   **1.** Your acts or omissions; or

   **2.** The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.

  However, the insurance afforded to such additional insured:

   **1.** Only applies to the extent permitted by law; and

   **2.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

  **b.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

  This insurance does not apply to:

   **1.** "Bodily injury", "property damage" or" personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**  Page 8

    a.    The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    b.    Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

**2.**    "Bodily injury" or "property damage" occurring after:

    a.    All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    b.    That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

14.    The allegations set forth in paragraphs one through thirteen are incorporated by reference as though fully set forth herein.

15.    Coverage was tendered to United Fire and sought for Webber under the United Fire Policy on May 21, 2018 and then again on January 30, 2019. United Fire has refused, and continues to refuse, to provide coverage for the Underlying Lawsuit for Webber as an additional insured under the Policy.

16.    Arch is the general liability insurer for Webber, but the coverage under its policy for Webber is excess as to the coverage provided to Webber under the Policy issued by United Fire. Nevertheless, the refusal of United Fire to provide Webber a defense in the Underlying Lawsuit has forced Arch to provide such defense to protect the rights of its named insured.

17. Therefore, Webber and Arch seek a determination by this Court of the rights and duties under the United Fire Policy and requests that the Court issue an order stating that Webber is owed defense and indemnity as an additional insured under the United Fire Policy. Arch seeks reimbursement for the defense fees and costs expended in the defense of Webber from May 21, 2018 forward that should have been the responsibility of United Fire.

## JUSTICIABLE INTEREST

18. An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201 *et seq.*, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Webber LLC and Arch Insurance Company pray that upon final trial hereof, judgment will be rendered declaring that:

1. Plaintiff Webber LLC is an additional insured under the Policy issued by United Fire and Casualty Company to Indus Construction, LP for the claims asserted in the Underlying Lawsuit;

2. United Fire and Casualty Company owes a duty to defend and indemnify Webber LLC under the Policy in the Underlying Lawsuit on a primary basis;

3. Arch Insurance Company is entitled to reimbursement from United Fire and Casualty Company for defense fees and costs paid by Arch on behalf of Webber LLC in the Underlying Lawsuit; and

4. Such other and further relief to which Plaintiffs Webber LLC and Arch Insurance Company are entitled or will ever pray.

Respectfully submitted,

**HOLDEN LITIGATION,** *Holden P.C.*

*/s/ Steven R. Shattuck*
Steven R. Shattuck
State Bar No. 18133700
StevenShattuck@HoldenLitigation.com
Eric N. Roberson
State Bar No. 00792803
EricRoberson@HoldenLitigation.com
1717 Main Street, Suite 5800
Dallas, Texas 75201
Telephone (214) 745-8888
Facsimile (918) 295-8889
**ATTORNEYS FOR PLAINTIFF WEBBER LLP AND ARCH INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, this document was filed electronically with the Clerk of the Court using the CM/ECF and served upon counsel of record.

*/s/ Steven R. Shattuck*
Steven R. Shattuck